26 C.C.P.A.(Patents)

**WALSH v. SCHULTZ et al.**

**Patent Appeal No. 4102.**

Court of Customs and Patent Appeals.

May 1, 1939.

necting Device," and a joint application of Schultz and Steinmayer, Serial No. 622,-292, filed July 13, 1932, for "Combined Switch and Fuse." There is only one count in the interference. It reads as follows: "An expulsion fuse comprising upper and lower terminal members, a fuse latched to said upper terminal member and pivoted to said lower terminal member, said fuse having a tubular body portion closed at its upper end and open at its lower end, a fuse link within said tubular body portion, and means mechanically controlled by the tension of said fuse link for unlatching the upper portion when said fuse blows."

Appellees alleged, in their preliminary statement, a date of conception on December 1, 1930, and a reduction to practice on December 1, 1931. Appellees took testimony. Appellant took no testimony and is restricted to his filing date of March 21, 1932. Appellees, being the junior party, had the burden of proving their case by a preponderance of the evidence.

The subject matter of the interference relates to an expulsion fuse electric circuit breaker. The fuse consists of a tube having a closed upper end and open at the lower end. A fuse link is contained within the tube and so cooperates with a latch at the upper end of the tube and a pivot at the lower end, that the upper end of the tube becomes unlatched when the fuse is blown, allowing the tube to swing on the pivot to open circuit condition.

We are in agreement with the Examiner of Interferences, that there is no corroborating evidence of the testimony of appellees that they conceived the invention in issue in December 1930.

Robert L. Kahn, of Chicago, Ill., for appellant.

Carlton Hill, of Chicago, Ill. (Charles W. Hills, Jr., and Chester W. Brown, both of Chicago, Ill., of counsel), for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal, in an interference proceeding, from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner of Interferences awarding priority of invention to Schultz and Steinmayer, the junior party.

The interference involves application Serial No. 600,245, of the senior party Walsh, filed March 21, 1932, for "Discon-

It was held by the said examiner and affirmed by the board that appellees' Exhibit No. 3 is a drawing which satisfies the count. Appellant attacks this holding, alleging in effect that tubes may be closed at either or both ends or open at both ends, and that the said exhibit does not clearly disclose the tube to be open at its bottom end as required by the count, as was held by the tribunals below.

We have examined Exhibit No. 3 carefully and note that it is a drawing of a fuse tube, latched at its upper end and pivotally hinged at its lower end. It appears to have a cap covering its top and at its lower extremity it depicts a fuse extending from the bottom of the tube,

This exhibit was the subject of testimony by both of the appellees and by the witnesses, Behlmer and Krueger. The witness Behlmer is employed in the Experimental Department of the Line Material Company, assignee of appellees, since 1928 and his work consisted in "making models and trying different ideas that come through." The witness Krueger had charge of the department in which Behlmer worked. Behlmer testified that he had made appellees' Exhibit No. 4 which is a full size fuse tube and which responds to the count, from said Exhibit No. 3. Krueger furnished Behlmer with the drawing Exhibit No. 3 and supervised the making of the structure Exhibit No. 4. The drawing was made by appellee Schultz and given to Krueger by Steinmayer.

A careful comparison of Exhibit No. 4 with Exhibit No. 3 leaves no doubt in our minds but that the model, which is open at the bottom was made exactly as shown in Exhibit No. 3.

■ There is clear and ample testimony by appellees, well corroborated by Behlmer, that the model Exhibit No. 4 and the drawing Exhibit No. 3 were made in December 1931. Therefore, appellees are entitled to the date of December 1931 for conception of the invention defined by the count.

■ The record shows that in the early part of January 1932 the device, Exhibit No. 4 was tested in the presence of appellees and the witness, Krueger. Appellants contend that Krueger was so positioned that he could not see the tube drop when the overload current was applied and that, therefore, his testimony is not corroborative of the test. It may be that he was so positioned but the witness Krueger testified that the device was tested in January 1932; that he placed the fuse in the tube and put it in position; that he applied the electric current and saw the fuse had blown and that the tube was hanging down after the test. He also refused the tube and several tests were made in the same manner. We think from what he knew, did and observed there was ample corroboration to the fact that the fuse was tested and did the work for which it was constructed.

While there is some contention by appellant concerning corroborating testimony with respect to the testing of another device of the same general character, made at a later date, we think it unnecessary to discuss it since we are convinced that the Examiner of Interferences and the Board of Appeals properly accorded to appellees a reduction to practice of the invention in issue, as early as January 15, 1932.

A substantial part of the brief of appellant seeks to raise an issue that by reason of certain correspondence between appellant and the assignee of appellees, a presumption is raised that appellees did not have the invention at the time of said correspondence and that the proof does not overcome such presumption.

■ This issue was first presented in the form of a letter to appellees by present counsel after his appearance when this appeal had been perfected. This issue is not grounded upon any reason for appeal here unless we read it into some general reason set out in notice of appeal. This, under the circumstances, we may not do. Apparently it was not before the Examiner of Interferences. At any rate, there is nothing in his decision that would so indicate. It does not appear in the reasons for appeal to the Board of Appeals and the board expressly stated that the question was not considered to be before it. The board said: "Appellant calls attention in his brief to Exhibit 33, correspondence passed between the party Walsh and the Line Material Company, assignees of Schultz and Steinmayer. This correspondence shows that Steinmayer examined drawings, descriptive matter and a model of the Walsh device before the Schultz and Steinmayer application was filed in the Patent Office. *We do not understand that appellant is raising the question of originality between the parties of this interference* and do not see how this could be raised in view of the fact that the first letter from Walsh in this exhibit is dated June 10, 1932, and prior to that time, that is, on April 4, 1932, a letter had been written by Steinmayer to the patent attorney, Woolfolk, telling him to prepare an application for a patent and presenting subject matter to be covered in such application. In view of this fact it would seem that any contention Schultz and Steinmayer were stirred into activity to file an application by knowledge of matter disclosed to them by Walsh could not well be raised." (Italics supplied.)

■ Furthermore, all of this correspondence was freely disclosed by appellees.

Appellant had full opportunity to properly raise this issue before the lower tribunals. This he failed to do and we must decline to consider the issue which is raised here for the first time. In re Peiler, 64 F.2d 984, 20 C.C.P.A., Patents, 1059.

The decision of the Board of Appeals is affirmed.

Affirmed.